CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
Roanoke
JUL 0 6 2006
JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| STEPHAN P. STERLING-EARL,<br>Petitioner, | Civil Action No. 7:06CV00370 |
| v. | **MEMORANDUM OPINION** |
| COL. RONALD MATTHEWS, et al.,<br>Respondents. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

The petitioner, Stephan P. Sterling-Earl, a pre-trial detainee proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Sterling-Earl has failed to demonstrate entitlement to relief under § 2241. Accordingly, his petition must be dismissed.

## Background

Sterling-Earl alleges that he has been detained at the Albemarle-Charlottesville Regional since September 26, 2005, and that he has been denied the right to a speedy trial. Sterling-Earl filed a petition for writ of habeas corpus in the Circuit Court for the City of Charlottesville on May 22, 2006, in which he argued that the Commonwealth had violated his right to a speedy trial. Sterling-Earl alleges that he has not receive a response from the Circuit Court. Sterling-Earl further alleges that he has written numerous letters to the judge assigned to his criminal case, and that he has not received a response from the judge. On June 14, 2006, Sterling-Earl filed a motion to dismiss the indictment in the Circuit Court for the City of Charlotteville, pursuant to Virginia Code § 19.2-243. The following day, Sterling-Earl executed the instant petition. Sterling-Earl indicates that his trial is scheduled to begin on June 26, 2006. He argues that, if convicted, his conviction will be unconstitutional in light of the violation of his right to a speedy trial.

## Discussion

Pretrial habeas relief is not available under § 2241 unless a petitioner is in custody, has

exhausted his state court remedies, and "special circumstances" justify the provision of federal review. Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th Cir. 1987); see Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-490 (1973). Special circumstances do not exist if adequate state court procedures are available to protect a petitioner's constitutional rights. See Moore v. DeYoung, 515 F.2d 437, 449.

In this case, Sterling-Earl argues that he has exhausted available state court remedies by filing a petition for writ of habeas corpus in the Circuit Court, and by submitting various letters and motions. However, even assuming that the exhaustion requirement has been met, Sterling-Earl is not entitled to relief under § 2241, because adequate state court procedures are available to protect his constitutional rights. Sterling-Earl may raise his speedy trial claim at trial. If he is convicted, he has the remedy of filing a direct appeal. If his direct appeal is unsuccessful, he may seek to obtain post-conviction relief by filing a petition for writ of habeas corpus. Consequently, Sterling-Earl's petition does not present special circumstances that would justify the provision of federal habeas relief. See Moore, 515 F.2d at 449 (holding that the district court should have abstained from addressing the petitioner's speedy trial claim, since the claim could be raised at trial and on direct appeal).

For the reasons stated, Sterling-Earl's petition must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 6th day of July, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge